## POOR *v.* TAGGART & als.

The return of a warrant under date of March 22, 1855, that the officer had arrested the respondent, and then had him before the magistrate, is sufficient to justify an arrest made on the 13th of March, it appearing that the arrest was in fact made on the 13th, and that it was then agreed between the respondent and officer that the warrant should be returned on the 22d.

TRESPASS, for that the defendants, on the 13th of March, 1855, assaulted the plaintiff, and restrained him of his

liberty from said 13th until the 22d of said March.   Plea, the general issue, with a brief statement that Taggart, one of the defendants, being a deputy-sheriff, arrested the plaintiff upon a warrant issued by Bunker, another of the defendants, a justice of the peace, on the complaint of one Peabody, on said 13th of March; that said Carr & Richards, the other defendants, were required by Taggart to assist, and did assist him in making the arrest; that the plaintiff thereupon agreed with Taggart to appear at a place named, on the 22d of March, and did then and there appear; that Taggart then and there made return of the warrant before said Bunker, and that the complaint was thereupon by agreement dismissed.

The defendants offered in evidence the complaint and warrant, and the return thereon, which return is as follows:

"HILLSBOROUGH ss.: March 22, 1855.   I have arrested the body of the within named George Poor, (the plaintiff) and now have him before B. B. Bunker, Esq., a justice of the peace.            D. M. TAGGART, *Dep. Shf.*"

It appeared in evidence that the defendant, Taggart, arrested the plaintiff on the 13th of March, and held him in custody until it was agreed between them that he should meet the officer for a hearing on the complaint, on the 22d, when the return was made and the complaint dismissed.

The court instructed the jury that the return was sufficient in form to justify the arrest on the 13th, if the arrest was otherwise legal, of which question was made on grounds not necessary to be stated; to which the plaintiff excepted.  A verdict was returned for nominal damages against Taggart and Bunker, and in favor of the other two defendants, and the plaintiff moves that the same be set aside, and for a new trial.

*H. A. Bellows,* for the plaintiff.

Poor *v.* Taggart.

The arrest on the 13th is not justified by the return of an arrest on the 22d. The arrest under a warrant can be shown only by the written return, and not by parol. As to the trespass of the 13th, the defendants stand as if there was no return at all. A return is necessary for the sheriff's justification. Com. Dig., Return, F, 1, and Pleader, 3, M, 24; 1 Salk. 409, 410; 3 Chit. Pl. 1087, and note; *Burnett* v. *White,* 3 N. H. 229. The return must be in writing, for it becomes part of the record. *Purrington* v. *Loring*, 7 Mass. 388, 392; *Davis* v. *Maynard*, 9 Mass. 242. This results from the nature of the case. The return is evidence in the officer's own favor, and, for most purposes between the parties, is conclusive. *Sias* v. *Badger*, 6 N. H. 393. This applies to such matters as his official duty requires him to do and return. *Brown* v. *Davis*, 9 N. H. 76; *Angier* v. *Ash*, 26 N. H. (6 Foster) 99; *Messer* v. *Bailey*, 31 N. H. (11 Foster) 9, 19. The rule requiring a return applies to criminal process. *Tubbs* v. *Tukey*, 3 Cush. 438. In the case of *Tubbs* v. *Tukey* there was no return of the process by the defendant.

*Morrison & Stanley*, for the defendant.

SAWYER, J. The position taken by the counsel for the plaintiff, that an arrest upon process of which return is requred to be made, cannot be justified without due return of the process, as a general proposition is fully sustained by the authorities. *Middleton* v. *Price*, 1 Wils. 17; S. C., 2 Strange 1184; *Shorland* v. *Gonett*, 5 B. & C. 485; 2 Chit. Pl. 591, note (x); 3 Chit. Pl. 1087, note (e.)

The rule is held to apply to criminal as well as civil process. *Tubbs* v. *Tukey & al.*, 3 Cush. 438.

But in this case due return of the warrant upon which the arrest was made, appeared. Under the date of March 22, the officer returned that he had arrested the plaintiff, and then had him before the magistrate for examination.

The return is not necessarily to be construed as setting out that the arrest was made on that day, but merely that the respondant had been arrested, and that the officer then had him in custody, and produced him to the magistrate for examination. On what particular day the arrest was made, or what particular proceedings were had for the safe keeping of the respondent, or for insuring his presence before the magistrate at the time of the return of the warrant, whether that time be selected by the officer at his pleasure, or, as in this case, by agreement between him and the respondent, are immaterial matters, not necessary to be stated in the return. If the plaintiff proceeds in his suit for the arrest, as unauthorized and illegal, the defendant must justify under legal process, setting forth a due return of it. The form of the plea of justification, as given by Chitty, (2 Ch. Pl. 591,) and everywhere recognized as sufficient, is, that at the time and place of return the defendant returned said writ, and then and there returned thereon that by virtue thereof he had arrested the said A. B., the plaintiff, whose body he had ready, &c.; it being of course alleged in the plea that this is the same supposed trespass upon which the plaintiff has counted. If the plaintiff would rely upon another arrest, or upon an abuse of his authority by the officer in making the arrest which is justified, or in his subsequent proceedings, such as to render him liable as a trespasser *ab initio*, at common law this must be set forth by a new assignment, or by a replication, alleging the excess of authority. 1 Saund. 299, note (6); 2 Saund. 5, note (3.)

Under our statute authorizing a brief statement of the justification to be filed with the general issue, no new assignment or replication is required; but, with or without it, to entitle the plaintiff to recover upon the ground of another arrest than that justified, or of an excess of authority in making that which is justified, the evidence must show that such state of facts existed, if the justifica-

tion set out in the brief statement is sustained. Here it appears only that an arrest was made on the 13th, under a legal warrant, which was duly returned on the 22d, with a proper return of the arrest thereon. It does not appear that there was any other arrest, or that there were any proceedings of an unlawful character connected with or subsequent to it, to render the defendants liable as trespassers by reason of them. The arrangement entered into between the officer and respondent for his appearance at a future day, agreed upon between them as the day of hearing, was legal and proper, if the original arrest was legal. Nothing appears in the case of which the plaintiff can justly complain. The ruling of the court below was correct, and there must be

*Judgment on the verdict.*